UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cr-00153-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **AARON MONTEZ DAVIS,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Revocation of Magistrate Judge's Order of Detention, which was entered in accordance with 18, United States Code, Section 3142(e). Specifically, the Honorable David C. Keesler, United States Magistrate Judge, found that there was probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Further, Judge Keesler determined that defendant had not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. Defendant was ordered detained as the magistrate judge determined that defendant posed an unacceptable risk of flight as well as a danger to the community. Order (#8) at 2. In addition, the magistrate judge determined the following factors also supported detention: "Weight of evidence against the Defendant is strong; Subject to lengthy period of incarceration if convicted; Prior criminal history; Prior attempt(s) to evade law enforcement; Prior violations of probation, parole, or supervised release." Id. at 8.

1

In accordance with Section 3145(c), the Court has promptly considered the appeal from such detention Order. The Bail Reform Act of 1984 (hereinafter "the Act") authorizes and sets forth the procedures for a judicial officer to order the release or detention of an arrested person pending trial, sentence, and appeal. In order to detain a defendant pending trial, the judicial officer must "find[] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. § 3142(e). Furthermore, "[w]ith regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings." United States v. Stewart, 19 Fed. Appx. 46, 48 -49 (4th Cir. 2001) (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir.1985); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir.1985) (noting that, under the Act, the clear and convincing evidence standard applies only to a determination that "no condition or combination of conditions will reasonably assure the safety of any other person and the community")). The factors to be considered in determining whether to release a defendant pending trial are set forth in section 3142(g). Those factors include:

> (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Stewart, 19 Fed. Appx. at 48.

The Court has reviewed both the written Order (#8) and the FTR recording (#9) of the hearing and finds that Judge Keesler properly considered the government's motion for

2

detention, determined that this case well qualified as a presumption case, and further properly considered the § 3142(g) factors in ordering defendant's detention. Clearly, it is very appropriate to detain a defendant who the Grand Jury has determined committed two violations of the Controlled Substances Act, offenses which expose defendant to sentences in excess of 10 years. While it is clear that defendant has substantial ties to the Charlotte community, it is equally clear from the proffer that defendant also poses a serious danger to that community. Further, with the possibility of substantial time in jail, the risk of flight despite those ties is substantial. Finding no error in the magistrate judge's determination, the Order is affirmed.

The Court has also considered defendant's request for bond, *de novo*. As did Judge Keesler, this court has carefully considered whether there are any conditions or combination of conditions which will reasonably assure the appearance of defendant and the safety of the community as required. In doing so, the court has, as mentioned above, reviewed the FTR recording of the detention hearing and has considered the nature and circumstances of the charged offense (18 U.S.C. § 3142(f)(1)),the strength of the evidence against defendant (id. § 3142(f)(2)) as proffered by the government during that hearing, which appears to be strong, and defendant's character and past conduct (id. § 3142(f)(3)(A)) as presented by his counsel in the hearing and in the instant motion.

Defendant has not rebutted the presumption. While the Court has carefully considered evidence concerning family ties to the area (including his children and strong ties to his mother), his age, and criminal history, there does not at this time appear to be a "condition or combination of conditions" which would reasonably assure the appearance

of defendant at future proceedings or, in particular, the safety of the community.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Revocation of Magistrate Judge's Order of Detention, (#18) is **DENIED**, and the Order of Detention is **AFFIRMED,** and after *de novo* review, the Court orders defendant's continued detention pending trial or other resolution of this case for the reasons discussed herein.

Signed: February 25, 2019

Max O. Cogburn Jr.
United States District Judge